UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW C RINGSMUTH, individually
and on behalf of all others similarly
situated

        Plaintiff,

v.                                                         Case No.: 2:19-cv-752-FtM-38MRM

REPP SPORTS LLC,

        Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Matthew C. Ringsmuth's Complaint (Doc. 1) on *sua sponte* review. Ringsmuth brings this class action suit against Defendant Repp Sports, LLC for unfair marketing, breach of warranty, and unjust enrichment over the nutritional content of Repp Sports' RAZE branded energy drinks.

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The plaintiff bears the burden of adequately pleading jurisdiction in actions filed directly in federal court. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Ringsmuth pleads diversity under the Class Action Fairness Act (CAFA) as the basis for this Court's subject matter jurisdiction. The CAFA gives federal district courts original jurisdiction over class action cases as long as three conditions are met: (1) the proposed class has at least 100 members; (2) at least one plaintiff is diverse from any defendant (minimal diversity); and (3) the amount in controversy exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). Ringsmuth's allegations of minimal diversity and amount in controversy fall short.

Beginning with diversity, Ringsmuth pleads that he is a Florida citizen but fails to adequately plead Repp Sports' citizenship. Instead, Ringsmuth alleges that Repp Sports is a Florida LLC with a principal place of business in Longwood, Florida. (Doc. 1 at 5). But an LLC is a citizen in every state where one of its members is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Ringsmuth has not provided any information about where Repp Sports' members are domiciled, so the Court cannot determine whether the parties are minimally diverse. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (stating that citizenship is determined by domicile, not necessarily residence). Nor does Ringsmuth adequately allege the citizenship of the unnamed class members. The citizenship of unnamed potential class members can get a complaint over the diversity hump. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 n.24 (11th Cir. 2007) (stating that "only one member of the plaintiff class - named or unnamed - must be diverse from any one defendant") (superseded by statute on other grounds). But Ringsmuth does not allege that any of the potential plaintiffs in this case are citizens of a diverse state. And Ringsmuth limits his allegations to Florida, stating that RAZE is sold across Lee County

and in thousands of Florida locations. (Doc. 1 at 3). In fact, besides proposing a "Nationwide Class," the only reference Ringsmuth makes to any event or person outside of Florida is in Count V, when he alleges that Repp Sports' practices are detrimental to "consumers across the country." (Doc. 1 at 19). Ringsmuth thus fails to plead minimal diversity of citizenship. Ringsmuth will have an opportunity to correct these deficiencies through amendment.[2]

Ringsmuth also fails to adequately plead the amount in controversy. "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). Here, the sole allegation on amount in controversy is that "the total claims…are well in excess of $5,000,000 in the aggregate, exclusive of interest and costs"—parroting the language of the statute. (Doc. 1 at 3-4); § 1332(d)(2). Ringsmith provides no insight as to how he arrives at five million dollars. All he tells the Court is that he bought a "12-pack of RAZE Phantom Freeze" for an unspecified price and that there are potentially "thousands" of other class members. (Doc. 1 at 4, 10). The Court needs more facts to determine whether Ringsmuth claims a good-faith amount of damages. *See, e.g., Calmes*, 2017 WL 4621112, at *2 (S.D. Fla. Oct. 16, 2017) (dismissing case because

---

[2] If Ringsmuth files an amended complaint, merely alleging that one or more potential class members are citizens of another state may be insufficient. *Cf. Calmes v. Boca West Country Club, Inc.*, No. 9:17-CV-80574-ROSENBERG/HOPKINS, 2017 WL 4621112, at *2 (S.D. Fla. Oct. 16, 2017) ("Although Plaintiff alleges that there are class members who are citizens of states other than Florida,…he does not offer any support for these statements or even name the states of which the other class members are citizens."); *see also Handforth v. Stenotype Inst. of Jacksonville, Inc.*, No. 3:09-cv-361-J-32MCR, 2010 WL 55578, at *3 (M.D. Fla. Jan. 4, 2010).

"[p]laintiff d[id] not allege sufficient facts for the Court to plausibly infer that the amount in controversy exceeded" the jurisdictional amount).

The Court thus dismisses the Complaint without prejudice. Ringsmuth will have the opportunity to allege federal jurisdiction under 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

**(1)** The Complaint (Doc. 1) is **DISMISSED without prejudice**.

**(2)** Plaintiff may file an amended complaint to correct the deficiencies addressed in this Order on or before **November 6, 2019**. **Failure to do so will result in the Court closing this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of October, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record